# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAYMOND WASHINGTON, | ) |
| Plaintiff, | ) Civil Action No. 11-502 |
| v. | ) Magistrate Judge Cynthia Reed Eddy |
| SUPERINTENDANT SCI-GREENSBURG; *ET AL.*, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Raymond Washington, a prisoner presently incarcerated at the Federal Correctional Institution at Fort Dix, filed this action under the Civil Rights Act of 1871, 42 U.S.C. § 1983 against several individuals employed by the Pennsylvania Department of Corrections. Liberally construed, Plaintiff appears to make the following claims: 1) some of his property was confiscated; 2) he was denied access to the courts due to legal materials being confiscated; 3) he suffered verbal harassment from Defendant Nelson; and 4) Defendant Mazurkiewicz is liable for not having a written policy regarding what can be taken by parolees from DOC custody. For the reasons set forth below, the Amended Complaint should be dismissed because Plaintiff failed to fully exhaust his available administrative remedies as to any of his claims and it would be futile to allow Plaintiff to file an amended complaint in this matter. Consequently, Defendants' Motion to Dismiss (ECF no. 37) will be granted. An appropriate order follows.

### A. Standard of Review

Presently pending is Defendant's Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 37). A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests

1

the legal sufficiency of a complaint. In deciding this motion, the court must read the complaint in the light most favorable to the plaintiff and all well-pleaded, material allegations in the complaint must be taken as true. Estelle v. Gamble, 429 U.S. 97 (1976). The court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. Retail Clerks Intern. Ass'n, Local 1625, AFL-CIO v. Schermerhorn, 373 U.S. 746, 753 n. 6 (1963).

A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v.Twombly, 550 U.S. 554, 556 (2007) (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). "Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp., 550 U.S. at 555. *See also* Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (holding that, while the Complaint need not contain detailed factual allegations, it must contain more than a "formulaic recitation of the elements" of a constitutional claim and must state a claim that is plausible on its face) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) and providing further guidance on the standard set forth therein).

Courts generally consider the allegations of the complaint, attached exhibits, and matters of public record in deciding motions to dismiss. Pension Benefit Guar. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). Factual allegations within documents described or identified in the complaint also may be considered if the plaintiff's claims are based upon those documents. *Id.* (citations omitted). In addition, a district court may consider indisputably authentic documents without converting a motion to dismiss into a motion for summary judgment. Spruill v. Gillis 372 F.3d 218, 223 (3d Cir. 2004); In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

2

Moreover, a court must employ less stringent standards when considering *pro se* pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972). In a § 1983 action, the court must liberally construe the *pro se* litigant's pleadings and "apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name." Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir.2002) (quoting Holley v. Dep't of Veteran Affairs, 165 F.3d 244, 247–48 (3d Cir.1999)). *See also* Nami v. Fauver, 82 F.3d 63, 65 (3d Cir.1996) ("Since this is a § 1983 action, the [pro se] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution.") (quoting Higgins, 293 F.3d at 688). Notwithstanding this liberality, *pro se* litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim. *See, e.g.*, Taylor v. Books A Million, Inc., 296 F.3d 376, 378, (5th Cir.2002); Riddle v. Mondragon, 83 F.3d 1197, 2102 (10th Cir.1996).

## B. Failure to Exhaust Administrative Remedies

In the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), Congress amended the Civil Rights of Institutionalized Persons Act, 42 U.S.C.A. § 1997e, concerning suits by prisoners. Before the amendments, prisoners challenging the conditions of their confinement under 42 U.S.C. § 1983 were not required to exhaust administrative remedies before filing suit. The PLRA amended section 1997e(a), as follows, making exhaustion a mandatory requirement.

(a) Applicability of administrative remedies

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a), as amended.

3

The United States Court of Appeals for the Third Circuit analyzed the applicability of the exhaustion requirement in 42 U.S.C. § 1997e in Nyhuis v. Reno, 204 F.3d 65 (3d Cir. 2000) (Bivens action brought by a federal inmate) and Booth v. Churner, 206 F.3d 289 (3d Cir. 2000) (civil rights action brought by a state prisoner). In each of these cases, the Court of Appeals announced a bright line rule that inmate-plaintiffs must exhaust all available administrative remedies before they can file an action in federal court concerning prison conditions. In so holding, the court specifically rejected the notion that there is ever a futility exception to section 1997e(a)'s mandatory exhaustion requirement. Booth, 206 F.3d at 300; Nyhuis, 204 F.3d at 66. A unanimous Supreme Court affirmed the Court of Appeals' holding in Booth where the Court confirmed that in the PLRA Congress mandated complete exhaustion of administrative remedies, regardless of the relief offered through those administrative procedures. *See* Booth v. Churner, 532 U.S. 731 (2001) (holding that the PLRA requires administrative exhaustion even where the grievance process does not permit award of money damages and prisoner seeks only money damages, as long as grievance tribunal has authority to take some responsive action). In addition, in Porter v. Nussle, 534 U.S. 516 (2002), the Supreme Court clarified that the PLRA's exhaustion requirement applies to all inmate suits concerning prison life, whether they involve general circumstances or specific episodes and whether they allege excessive force or other conduct.

The administrative grievance procedure for Pennsylvania inmates is codified in the Pennsylvania Department of Corrections Policy Statement No. DC-ADM 804-1, entitled "Consolidated Inmate Grievance Review System." The purpose of the grievance system is to insure that every inmate confined in a Bureau of Correction facility has an avenue through which prompt resolution of any problem which arises during the course of confinement may be sought.

4

The grievance system applies to all state correctional institutions and provides three levels of review: 1) initial review by the facility grievance coordinator; 2) appeal of initial review to the superintendent or regional director; and 3) final appeal to the Secretary's Office. The administrative policy further provides that, prior to utilizing the grievance system, prisoners are required to attempt to resolve problems on an informal basis through direct contact or by sending an inmate request slip to the appropriate staff member.

The Court of Appeals for the Third Circuit repeatedly has instructed that a prisoner's failure to comply with the procedural and substantive requirements of DOC's grievance policy results in procedural default, thereby precluding an action in federal court. *See* Torrence v. Thompson, 335 Fed. App'x 151, 153 (3d Cir. 2009); Banks v. Roberts, 251 Fed. App'x 774 (3d Cir. 2007) (holding that federal prisoner, who did not wait to file his Bivens complaint in federal court until after he had received final determinations from his administrative filings and completed the appeal process as to those determinations, failed to comply with PLRA mandatory exhaustion requirement); Spruill v. Gillis, 372 F.3d 218 (3d Cir. 2004).

The United States Supreme Court adopted a similar holding in Woodford v. Ngo, 548 U.S. 81 (2006) wherein it held that an untimely or otherwise procedurally defective administrative grievance or appeal does not satisfy the PLRA's mandatory exhaustion requirement.

> Because exhaustion requirements are designed to deal with parties who do not want to exhaust, administrative law creates an incentive for these parties to do what they would otherwise prefer not to do, namely, to give the agency a fair and full opportunity to adjudicate their claims. Administrative law does this by requiring proper exhaustion of administrative remedies, which "means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." This Court has described the doctrine as follows: "[A]s a general rule □□□ courts should not topple over administrative decisions unless the administrative body not only has erred, but has erred against objection made at the time appropriate under its practice." Proper exhaustion

> demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings.

Woodford, 548 U.S. at 90-91 (internal citations, quotations and footnotes omitted).

The Court further noted that "[c]onstruing § 1997e(a) to require proper exhaustion also fits with the general scheme of the PLRA, whereas respondent's interpretation would turn that provision into a largely useless appendage. "A prisoner who does not want to participate in the prison grievance system will have little incentive to comply with the system's procedural rules unless noncompliance carries a sanction" and "[t]he benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance." *Id.* at 93-94. The PLRA attempts to eliminate unwarranted federal-court interference with the administration of prisons, and thus seeks to afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case. *Id.* The Court concluded that the benefits of exhaustion could only be realized if the prison grievance system is given a fair opportunity to consider the claims, which required the grievant to comply with the procedural rules. *Id.*

In the case at bar, Plaintiff admits that he did not fully exhaust any grievance concerning his claims. Instead, he claims that he was not required to exhaust his claims because he was transferred to a federal facility. The case law makes clear that an inmate who is transferred to a new facility is required to exhaust the administrative remedies of the first facility before filing suit against it or against any of its employees. *See, e.g.*, Berry v. Kerik, 366 F.3d 85, 87 (2d Cir. 2003) (holding that a plaintiff who was incarcerated at one facility when actionable mistreatment occurred and brought suit while in custody at another facility after being released and arrested was subject to PLRA's exhaustion requirement); Medina-Claudio v. Rodriguez-Mateo, 292 F.3d

31, 35 (1st Cir. 2002); George v. Hogan, Civil No. 1:06-cv-1554, 2008 WL 906523 (M.D. Pa. March 31, 2008), *aff'd*, 319 Fed. App'x 134 (3d Cir. 2009); Gibson v. Brooks, 335 F.Supp.2d 325, 330 (D. Conn. 2004) (holding that individuals who were incarcerated at the time that their claim accrued, were later released from prison, but did not file a lawsuit with respect to prison conditions until after they were again incarcerated are subject to PLRA's exhaustion requirement); Rodríguez v. Senkowski, 103 F.Supp.2d 131, 134 (N.D.N.Y. 2000) ("[T]he mere fact that Plaintiff has been transferred to another prison facility does not necessarily render the exhaustion requirement moot."); Santiago v. Meinsen, 89 F.Supp.2d 435, 441 (S.D.N.Y. 2000) (requiring exhaustion despite plaintiff's transfer to another facility).

As stated by the Court of Appeals for the Third Circuit, "it is beyond the power of this court--or any other--to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis." Nyhuis, 204 F.3d at 73 (quotation omitted). The Supreme Court of the United States reiterated this tenet in Booth. Consequently, this Court is required to follow the Supreme Court's directive in Booth and dismiss Plaintiff's complaint due to his failure to have exhausted his available administrative procedures. *Accord* Torrence v. Thompson 435 Fed. App'x 56, 59 (3d Cir. 2011) (holding that inmate procedurally defaulted claims by failing to file final appeal). Because Plaintiff cannot now correct his failure to have exhausted his administrative remedies, any amendment to his complaint would be futile.

**AND NOW**, this 16th day of August, 2012:

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (ECF No. 37) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Amended Complaint is **DISMISSED** with prejudice and it would be futile to allow Plaintiff the opportunity to amend.

**IT IS FURTHER ORDERED** that the Clerk of Court mark this case **CLOSED**.

**AND IT IS FURTHER ORDERED** that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Plaintiff has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

                                              Cynthia Reed Eddy
                                              United States Magistrate Judge

Raymond Washington
03625-068
PO Box 2000
Fort Dix, NJ 08640